UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RENDELL-TRENTION WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 23-0213 |
| TERREBONNE PARISH CRIMINAL JUSTICE COMPLEX | SECTION "B" (2) |

## FINDINGS AND RECOMMENDATION

Plaintiff Rendell-Trention Williams filed this *pro se* and *in forma pauperis* prisoner civil rights suit under 42 U.S.C. § 1983 against defendant Terrebonne Parish Criminal Justice Complex ("TPCJC") alleging a failure to protect him from harm and lack of recreation time for inmates in lockdown. ECF No. 4, at 4, ¶IV. On February 10, 2023, I issued an order directing Williams to provide, among other things, more factual details about his claims, and he filed a response on February 27, 2023. ECF Nos. 7, 8.

After reviewing his response, I issued an order on March 10, 2023, scheduling a hearing by videoconference with Williams for April 13, 2023, pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), *overruled on other grounds by Neitzke v. Williams*, 490 U.S. 319 (1989), and its progeny.[1] The order was mailed by the clerk of court to Williams at his prison address of record in the TPCJC. On April 13, 2023, I attempted to conduct the hearing, and Williams failed to appear. After allowing fifteen minutes for him to appear, the court's staff contacted the jail and was advised that Williams had been released from the facility on March 3, 2023.[2] The court issued a minute entry

---

[1] ECF No. 9.
[2] ECF No. 10.

memorializing these events and ordering Williams to file a change of address within 30 days or his case would be dismissed.³ The order was mailed to Williams at the TPCJC, the only address in the record.

Several days later, on April 17, 2023, the clerk of court docketed a returned envelope, marked "Return to Sender."⁴ The returned envelope, received by the clerk weeks earlier on March 21, 2023, contained the court's March 10, 2023, order scheduling the *Spears* hearing.⁵ On May 31, 2023, the clerk of court docketed a returned envelope, marked "Return to Sender" and "U[nable] T[o] F[orward]."⁶ This envelope, received by the clerk office weeks earlier on May 10, 2023, contained the court's April 13, 2023, order.⁷

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may in its discretion dismiss any action based on the failure of a plaintiff to prosecute or comply with any order of the court.⁸ In applying the sanction of dismissal, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, is responsible for the delay or failure to comply with the court's order.⁹ Because plaintiff is proceeding *pro se*, it is apparent that this court must weigh his actions alone in considering dismissal of this action under Rule 41(b). A *pro se* litigant is not exempt from compliance with relevant rules of procedural and substantive law.¹⁰ A

---

³ *Id*.
⁴ ECF No. 11.
⁵ *Id*.
⁶ ECF No. 12.
⁷ *Id*.
⁸ *Hulsey v. State of Texas*, 929 F. 2d 168, 171 (5th Cir. 1991); *McCullough v. Lynaugh*, 835 F. 2d 1126, 1127 (5th Cir. 1988); *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F. 2d 744, 749 (5th Cir. 1987).
⁹ *Markwell v. County of Bexar*, 878 F. 2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F. 2d 472, 474–75 (5th Cir. 1986).
¹⁰ *Birl v. Estelle*, 660 F. 2d 592, 593 (5th Cir. 1981); *Edwards v. Harris County Sheriff's Office*, 864 F. Supp. 633, 637 (S.D. Tex. 1994).

*pro se* litigant who fails to comply with procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of more than mere ignorance.[11]

All litigants are obligated to keep the court advised of any address change.[12] In addition, the complaint form used by Williams to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[13] "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute."[14]

Williams has not provided a current address to date, much less by the deadline imposed by the court's prior order or within 35 days of the return of the first undeliverable envelope.[15] His failure to comply with the court's rules and orders has created delay in the court's ability to efficiently manage the case. This delay is caused by and attributable to Williams himself, justifying dismissal of his complaint for failure to prosecute.[16]

In a final effort to provide Williams with an opportunity to show cause why his claims should not be dismissed, I am issuing these Findings and Recommendation to the presiding United States District Judge. Williams is advised that he may object to these Findings and Recommendation within fourteen (14) days from the date of service of this report. It is suggested to Williams that any objection should contain a short summary of the reasons why he failed to

---

[11] *Kersh v. Derozier*, 851 F. 2d 1509, 1512 (5th Cir. 1988); *Birl*, 660 F. 2d at 593.
[12] *See* EDLA Local Rules 11.1 and 41.3.1.
[13] ECF No. 4, ¶VI(2), at 5 (Plaintiff's Declaration).
[14] *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).
[15] *See*, L.R. 41.3.1 ("The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.")
[16] *See Torns v. State of Miss. Dept. of Corrs.*, 262 F. App'x 638, 639 (5th Cir. 2008); *Raborn v. Inpatient Mgt. Partners, Inc.*, 278 F. App'x 402, 404-05 (5th Cir. 2008).

comply with the court's previous orders. Williams is further advised that any objection should be in writing and filed with the Clerk of the United States District Court, Eastern District of Louisiana, 500 Poydras Street, New Orleans, Louisiana 70130, on a written document containing the caption of this lawsuit.

Williams also is advised that failure to file written objections to the Magistrate Judge's Findings and Recommendation may, and probably will, result in dismissal of plaintiff's lawsuit. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[17]

## RECOMMENDATION

It is **RECOMMENDED** that plaintiff Rendell-Trention Williams' 42 U.S.C. § 1983 complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute pursuant to FED. R. CIV. P. 41(b).

New Orleans, Louisiana, this  10th  day of July, 2023.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[17] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).